October 16, 2024

Magistrate Judge Peter H. Kang
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: *Rubke et al. v. ServiceNow Inc. et al.,* Case No. 3:24-cv-01050-TLT-PHK

Dear Judge Kang,

  The parties disagree on whether the Court should permit Plaintiffs to conduct discovery pending resolution of Defendants' Motion for Leave to File Motion for Reconsideration or Interlocutory Appeal of Order Lifting Discovery Stay (Dkt. 55, "Defendants' Motion"). Lead counsel for the parties conferred via telephone on October 4, 2024, and via videoconference on October 9, 2024, and attempted to negotiate a resolution of the dispute but reached an impasse.

**I. Background**

  Plaintiffs allege Defendants breached their ERISA fiduciary duty by offering the American Century Target-Date Funds ("American Century TDFs") as investments in the ServiceNow, Inc. 401(k) Plan ("the Plan"). Dkt. 41. On September 18, 2024, Judge Thompson dismissed the complaint under Rule 12(b)(6) but granted Plaintiffs leave to file a second amended complaint ("SAC"). *Id.* On September 26, 2024, Plaintiffs filed a motion seeking discovery prior to amending their complaint to allow them "to cure the pleadings defects that the Court pointed out in its Order granting Defendants' Motion to Dismiss." Dkt. 51, the "Order" at 2. On October 2, 2024, prior to the October 10, 2024, due date for Plaintiffs' Opposition, *id.* at 1, Judge Thompson granted Plaintiffs' motion and directed Defendants to produce discovery relating to the fiduciary process for investing Plan assets. *Id.* at 2. Plaintiffs' SAC is currently due November 8, 2024. *Id.* at 3.

  On October 3, 2024, Defendants emailed Plaintiffs, informing them Defendants: (1) believe Judge Thompson's Order is contrary to *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014), case law that was not cited by Plaintiffs or considered by Judge Thompson; (2) will move for reconsideration of the Order, or in the alternative, seek certification of an interlocutory appeal of the Order; and (3) object to producing documents until the Court decides Defendants' Motion. Defendants offered to stipulate to an extension of Plaintiffs' pleading deadline until after the Court determines if discovery should be stayed

  Plaintiffs emailed Defendants on October 4, 2024, explaining they disagreed with Defendants' analysis surrounding the Order and argued that *Mujica* involved a futility issue not present in this case. Plaintiffs also explained they would not consent to a stay of discovery. Plaintiffs sought production of the following documents from August 31, 2018 to the present: (1) investment policy statements; (2) fee disclosures provided to Plan participants; (3) meeting minutes and materials for the committee that administered the Plan; (4) e-mails and correspondence concerning Defendants' selection and monitoring of the American Century TDFs; and (5) any investment monitoring reports utilized by the committee. After further discussion,

1

Plaintiffs agreed to withdraw the request for email as better suited for later ESI discovery. Defendants' Motion was filed on October 9, 2024 (Dkt. 56). Plaintiffs filed an Opposition to Defendants' request for Certification of Interlocutory Appeal of the Court's Order (Dkt. 57). On October 16, 2024, without comment, Judge Thompson denied Defendants' request for leave to file a motion for reconsideration. Dkt. 59. Judge Thompson has not yet ruled on Defendants' alternative request for leave to seek interlocutory appeal. *See id.*

## II. Defendants' Position

The Court should stay all discovery pending Judge Thompson's final resolution of Defendants' Motion because (1) the Order is clear legal error; (2) Defendants would be prejudiced should discovery proceed before Judge Thompson rules; and (3) Plaintiffs will not be prejudiced by a short stay. Federal Rule of Civil Procedure 26(b)(1) permits discovery that "is relevant to any party's claim or defense." There is no "claim" here because there is no complaint, and as Defendants' Motion explains, *Mujica* is binding precedent that "***prevents [a court] from allowing discovery related to dismissed claims***. Once a court has found a plaintiff's complaint deficient under Rule 8, that plaintiff is no longer entitled to plausibility discovery." *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) and *Mujica*, 771 F.3d at 593 n.7) (emphasis added). In *Iqbal*, the Supreme Court explained that when a "complaint is deficient under Rule 8," a plaintiff "is not entitled to discovery, cabined or otherwise." 556 U.S. at 686. *Mujica* held any argument "that courts retain discretion to permit discovery whenever a plaintiff has failed to satisfy Rule 8's plausibility standard, [] is simply incompatible with *Iqbal* and *Twombly*," 771 F.3d at 593 n.7—but that is precisely what Plaintiffs argued. District courts in the Ninth Circuit **uniformly** interpret *Mujica* to prohibit the "plausibility discovery" that Plaintiffs sought and Judge Thompson granted. *Flynn v. Nev.*, 345 F.R.D. 338, 343 n.6 (D. Nev. 2024) ("The Ninth Circuit has also recognized that a plaintiff should not be permitted to engage in discovery as a means to state a claim"); *Lagana v. Burbank Police Dep't*, 2023 WL 4680788, at *3 (C.D. Cal. June 23, 2023) ("[i]f [a] complaint is deficient under Rule 8," then a plaintiff cannot conduct discovery to correct the pleading deficiencies); *Merritt v. Redwood Invests.*, LLC, 2019 WL 4416130, at *3-4 (S.D. Cal. Sept. 13, 2019) (same); *Dizon v. City of S. San Francisco*, 2018 WL 5023354, at *6 n.2 (N.D. Cal. Oct. 16, 2018) (denying plaintiff's request "to conduct discovery before amending her complaint"); *Persian Gulf Inc. v. BP W. Coast Prod. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) ("the unambiguous directive in *Iqbal* and *Mujica* does not allow the court discretion to order pre amendment plausibility discovery"). Judge Thompson did not consider this authority because Plaintiffs did not cite it in their discovery motion and Judge Thompson ruled prior to the filing of Defendants' opposition. Defendants thus filed their Motion apprising Judge Thompson of *Mujica* and its progeny and request a discovery stay here until she has addressed the outstanding request for leave to seek interlocutory appeal.

Plaintiffs wrongly argue *Mujica* is not controlling solely because the district court there denied leave to amend. Plaintiffs cite no authority for this distinction, nothing in *Mujica* supports the distinction, and none of the cases prohibiting plausibility discovery adopt this distinction. Moreover, several cases prohibiting plausibility discovery were in the same posture as this case— the court had dismissed the operative complaint but granted leave to file an amended complaint, yet still held that *Mujica* prohibits plausibility discovery. *German Auto. Mfrs.*, 335 F.R.D. at 408, 410-11; *Persian Gulf*, 225 F. Supp. 3d at 1179-80. Plaintiffs do not identify ***any*** legal authority to

the contrary. Instead, they ignore the procedural posture here, which is dispositive, and argue courts have inherent authority to control discovery. That may be true when a motion to dismiss was denied, but Judge Thompson dismissed Plaintiffs' complaint.

Courts frequently stay discovery pending the resolution of a reconsideration motion where, as here, the pending motion itself relates to the stay of discovery or is potentially dispositive of the litigation. *See, e.g., Proofpoint, Inc. v. Vade Secure, Inc.,* Case No. 19-cv-04238-MMC-RMI, Dkt. 132 (N.D. Cal. Mar. 11, 2020); *Hart v. Gaione,* 2005 WL 419696, at *1 (C.D. Cal. Feb. 17, 2005); *Green v. Baca*, 2004 WL 1146595, at *2 (C.D. Cal. Apr. 26, 2004) (similar); *United States v. Hayat*, 2017 WL 6513259, at *2 (E.D. Cal. Dec. 20, 2017) (similar); *Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 2309974, at *1 (C.D. Cal. June 2, 2021) (similar). This Court should do the same here because Defendants' Motion relates directly to the propriety of discovery. A stay is reasonable here because immediate enforcement of the Order "would effectively deprive Respondents of their right to reconsideration of the Discovery Order." *Alvarez v. Larose,* 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020).

Plaintiffs seek confidential, non-public information concerning the fiduciary process used to administer the Plan over a more than six-year period for "purposes of allowing Plaintiffs to gather facts they believe will cure the pleading defects that the Court pointed out in its Order granting Defendants' Motion to Dismiss." Order at 2. In other words, Plaintiffs will use factual details concerning the fiduciary process, gleaned from ***impermissible plausibility discovery***, to attempt to defeat a Rule 12(b)(6) motion. Thus, absent a stay, Defendants would be deprived of any meaningful right to reconsideration of the Order because Plaintiffs would receive discovery and use it to amend their complaint before Judge Thompson will have an opportunity to consider if the Order is consistent with or contrary to governing Supreme Court and Ninth Circuit law that was never previously presented to her. *See Gamino*, 2021 WL 2309974, at * 1.

Moreover, Plaintiffs' discovery is not "limited" as they suggest. *See* Dkt. 42 at 3. Rather, Plaintiffs seek, among other things, voluminous meeting materials for the committee that administered the Plan for the last six-plus years. These documents must be reviewed for responsiveness and privilege, and redacted, if necessary, prior to production. This process is burdensome, time-consuming, and costly, and the burden falls entirely on Defendants. *E.g.*, *Pension Ben. Guar. Corp. ex rel. St. Vincent v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 719-20 (2d Cir. 2013) ("the prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times"). But even if the discovery were "limited," *Iqbal* and *Mujica* would prohibit it. *German Auto. Mfrs.*, 335 F.R.D. 407, 410 (N.D. Cal. 2020) (plaintiffs are "not entitled to pre-amendment plausibility discovery, no matter how limited the request") (cleaned up).

By contrast, a stay will not prejudice Plaintiffs. In fact, Plaintiffs agreed to stay discovery during the pendency of Defendants' motion to dismiss, *see* Dkt. 33 at 4, and only sought discovery after dismissal of their complaint. There is no operative complaint and the only pending deadline is the November 8 due date for a SAC, which Defendants offered to extend. If Judge Thompson denies Defendants' request for leave to seek interlocutory appeal, then the parties can proceed

3

accordingly. In either case, Plaintiffs would not be prejudiced by staying discovery until a final decision from Judge Thompson.

Finally, a stay promotes judicial efficiency. If Judge Thompson concludes Plaintiffs are ***not*** entitled to the discovery they seek, it may well dispose of Plaintiffs' claims. By asking for discovery "to permit Plaintiffs to meet their pleading burden," Dkt. 42 at 7, Plaintiffs concede they ***cannot*** state a plausible claim without discovery. *See also id.* at 2 (Plaintiffs seek "documents from Defendants to establish the process defects in Defendants' fiduciary process"); at 6 (Plaintiffs seek discovery to determine if the American Century TDFs' investment strategy was "inconsistent with the Plan IPS"). Therefore, if Judge Thompson were to conclude interlocutory appeal is proper and the Ninth Circuit reaffirms the holding in *Mujica* that plausibility discovery is improper, Plaintiffs presumably will not be able to state plausible claims, ending the litigation.

## III.     Plaintiffs' Position

Both *Mujica*, 771 F.3d 580, and *Rutman*, 829 F.2d 729, are simply inapplicable to this case. Both of those cases involved denials of leaves to amend a complaint and, in those specific circumstances, the Ninth Circuit held that it "is not an abuse of discretion [to not permit discovery] where the pleadings before the court demonstrate that further amendment would be futile." *See Rutman*, 829 F.2d at 738; *see also id*. ("[Plaintiff] seeks permission to conduct discovery prior to the filing of any amendment *which might be authorized by this Court*. As Gallo points out, Rutman's position is unsupported and defies common sense."). This case, of course, does not concern a leave to amend issue, as the district court already concluded that amendment would not be futile and gave Plaintiffs both permission to file a SAC and to receive limited discovery from Defendants. Dkt. 41 at 21-22 ("The Court recognizes the difficulty in pleading facts to show a breach of the duty of prudence, especially when Plaintiffs may lack certain knowledge and information . . . . The amended complaint inadequately pleads that the fiduciaries, at the time they engaged in the challenged transactions, employed inappropriate methods to investigate the merits of the investment and to structure the investment . . . [and] the Court believes that granting leave to amend would not be futile.").

As far as the certification of interlocutory appeal request under 28 U.S.C. § 1292(b), not only is there not any "substantial ground for difference of opinions on a controlling question of law" and not only will an "immediate appeal not materially advance the ultimate termination of the litigation," but this a classic case of Defendants merely disagreeing with the Court's proper exercise of judicial discretion to control the course of litigation as it sees fit. *See Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (observing that a court has wide discretion in controlling discovery and the course of litigation under Federal Rule of Civil Procedure 16). *See also* Dkt. 57 at 2. Rather than this dispute being about "plausibility discovery," as Defendants contend, the issue here is simply whether the Court appropriately exercised its wide discretion in controlling discovery and the course of litigation under Federal Rule of Civil Procedure 16.

In short, Defendants are manufacturing a legal dispute that simply does not exist, all in order to further delay the proceedings in this case or make it impossible for Plaintiffs to meet the pleading standard the Court has set for them. Plaintiffs suspect that the Court will see through Defendants' ploy and make short work of Defendants' interlocutory appeal filing. In the meantime, time is of the essence if Plaintiffs are to meet the November 8, 2024 SAC deadline imposed by the

Court, with the limited discovery in hand needed to meet the pleading standard set by the Court. As far as the limited discovery ordered by the Court, it is very narrow and limited to the concerns that the Court raised specifically in its motion to dismiss decision: "The discovery stay is . . . lifted for the *limited* purposes of allowing Plaintiffs to gather facts they believe will cure the pleading defects that the Court pointed out in its Order granting Defendants' Motion to Dismiss. See ECF 41 (emphasis added). Therefore, the discovery is limited to process failure allegations." Dkt. 51 at 2. This is not a "fishing expedition," as Defendants have asserted in other filings, nor is it going to prejudice Defendants or take that much time or resources. In similar cases that Plaintiffs' counsel have litigated with the same Defense counsel, these requested documents have been readily available, not voluminous, and even produced for purposes of mediation. Therefore, the Court should compel Defendants to produce the following documents from February 2018 to present: "(1) Plan investment policy statements; (2) Plan fee disclosures provided to Plan participants; (3) Plan Committee meeting minutes and materials related to the monitoring and replacement of the American Century TDFs; and (4) any investment monitoring reports utilized by the Plan Committee concerning TDFs. By voluntarily agreeing to not seek emails and other correspondence that might make discovery more expensive and time-consuming, Plaintiffs have already agreed to curtail the scope of this discovery.

Last, the stay that Defendants seek is not only disfavored in this Circuit, *see White v. E-Loan, Inc.*, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006), but would not promote judicial efficiency in the least. Rather than "materially advance the ultimate termination of the litigation," Defendants refusal to cooperate on limited discovery thus far has caused needless delay in Plaintiffs' ability to file their SAC and will in no way lead to the ultimate termination of this litigation. Even if this case were taken on appeal and/or stayed, Plaintiffs would still have the opportunity to file their SAC, which then would be a subject to a full round of briefing on a second motion to dismiss by Defendants. As *White* found: "Generally, [motions to stay discovery] are disfavored because discovery stays *may interfere with judicial efficiency and cause unnecessary litigation in the future*. Therefore, before a stay can be issued, the moving party must meet a 'heavy burden of making a 'strong showing' why discovery should be denied ... [by showing] a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements." *Id.* (quoting *Skellerup v. City of Los Angeles,* 163 F.R.D. 598, 600 (C.D.Cal.1995)) (emphasis added). The same is true here. Defendants' request for a stay of discovery should be denied and the Court should compel Defendants to produce the limited discovery, which meets the narrow definition of discovery permitted by the Court in these specific circumstances.

Respectfully submitted,

| | |
|---|---|
| /s/ Sean McMahan | /s/ Paul M. Secunda |
| Sean McMahan (*pro hac vice*) | Paul M. Secunda (*pro hac vice)* |
| **Morgan, Lewis & Bockius LLP** | **Walcheske & Luzi, LLC** |
| 1717 Main Street, Suite 3200 | 235 N. Executive Dr., Suite 240 |
| Dallas, TX 75201-7347 | Brookfield, WI 53005 |
| Tel: +1.214.466.4000 | Tel: +1.414.828.2372 |
| sean.mcmahan@morganlewis.com | psecunda@ walcheskeluzi.com |
| | |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |