**CREITZ & SEREBIN LLP**
Joseph A. Creitz
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Fax: (415) 513-4475
Email: joe@creitzserebin.com

**WALCHESKE & LUZI, LLC**
Paul M. Secunda (*Pro hac vice*)
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (414) 828-2372
Fax: (262) 565-6469
E-Mail: psecunda@walcheskeluzi.com

Counsel for Plaintiffs and Proposed Class

**MORGAN, LEWIS & BOCKIUS LLP**
Mark A. Feller, Bar No. 319789
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001
mark.feller@morganlewis.com

Deborah S. Davidson (*pro hac vice*)
110 N. Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1159
Fax: +1.312.324.1001
deborah.davidson@morganlewis.com

Sean McMahan (*pro hac vice*)
1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Tel:     +1.214.466.4000
Fax:    +1.214.466.4001
sean.mcmahan@morganlewis.com

Jared R. Killeen (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
jared.killeen@morganlewis.com
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

Attorneys for Defendants
SERVICENOW, INC. AND THE BOARD
OF DIRECTORS OF SERVICENOW, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL S. RUBKE and SHERIDA DU LAC DE FUGERES, individually and as representatives of a Class of Participants and Beneficiaries of the ServiceNow, Inc. 401(k) Plan,<br><br>Plaintiffs,<br><br>v<br><br>SERVICENOW, INC. and BOARD OF DIRECTORS OF SERVICENOW, INC.,<br><br>Defendants. | Case No. 3:24-cv-01050-TLT<br><br>**JOINT ADMINISTRATIVE MOTION TO VACATE DEADLINES IN SCHEDULING**<br><br>Second Am. Compl. Filed:  November 8, 2024<br><br>Judge: Trina L. Thompson |

JOINT ADMINISTRATIVE MOTION TO VACATE DEADLINES IN SCHEDULING ORDER

Case No. 3:24-cv-01050-TLT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Pursuant to Local Rule 7-11 and 7-12, and this Court's Standing Order for Civil Cases, Paul

2    S. Rubke and Sherida Du Lac De Fugeres (together, "Plaintiffs") and ServiceNow, Inc., and the

3    Board of Directors of ServiceNow, Inc. (together, "Defendants," and collectively the "Parties"),

4    respectfully ask this Court to vacate all deadlines set in the Court's Case Management and

5    Scheduling Order (Dkt. No. 38) and to reset those deadlines only in the event the Court denies

6    dismissal of any of the claims asserted in the Second Amended Complaint.  As explained below,

7    good cause exists to vacate the current deadlines.

## PROCEDURAL BACKGROUND

9    Plaintiffs filed this action on February 21, 2024.  Dkt. No. 1.  Plaintiffs filed an amended

10   complaint (the "Amended Complaint") on May 27, 2024.  Dkt. No. 24.  On June 21, 2024,

11   Defendants moved to dismiss the Amended Complaint.  Dkt. No. 28.

12   On August 12, 2024, the Court entered a Case Management and Scheduling Order setting

13   deadlines in this action.  Dkt. No. 38.  On the same date, the Parties filed a joint administrative

14   motion to stay discovery pending the Court's ruling on Defendants' motion to dismiss the Amended

15   Complaint.  Dkt. No. 39.  On August 20, 2024, the Court granted the Parties' motion to stay

16   discovery.  Dkt. No. 40. On September 18, 2024, the Court dismissed the Amended Complaint

17   under Rule 12(b)(6), but granted Plaintiffs leave to file a second amended complaint. Dkt. No. 41.

18   On September 26, 2024, Plaintiffs filed a motion seeking "limited" discovery before

19   amending their complaint to allow them "to cure the pleadings defects that the Court pointed out in

20   its Order granting Defendants' Motion to Dismiss."  Dkt. No. 44.  On October 2, 2024, the Court

21   granted Plaintiffs' motion in part, explaining the discovery stay was "lifted for the limited purposes

22   of allowing Plaintiffs to gather facts they believe will cure the pleading defects that the Court

23   pointed out in its Order granting Defendants' Motion to Dismiss."  Dkt. No. 51 at 2.

24   On October 21, 2024, Magistrate Judge Kang ordered Defendants to produce four limited

25   categories of documents: "(1) Plan investment policy statements; (2) Plan fee disclosures provided

26   to Plan participants; (3) Plan Committee meeting minutes and Plan Committee documents which

27   expressly discuss . . . the American Century TDFs; and (4) investment monitoring reports utilized

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT ADMINISTRATIVE MOTION TO VACATE DEADLINES IN SCHEDULING ORDER

Case No. 3:24-cv-01050-TLT                    1

1    by the Plan Committee concerning TDFs." Dkt. No. 61. Defendants completed the production of

2    these materials on November 3, 2024. Dkt. No. 65.

3          On November 8, 2024, Plaintiffs filed their Second Amended Complaint. Dkt. No. 66. On

4    December 13, 2024, Defendants moved to dismiss the Second Amended Complaint. Dkt. No. 69.

5    That motion to dismiss is fully briefed. Dkt. Nos. 76, 77. The Court has not set a hearing date.

6                **GOOD CAUSE EXISTS TO VACATE THE CURRENT SCHEDULE**

7          The Parties understand discovery remains stayed consistent with the Court's prior rulings.

8    The Parties now jointly ask the Court to vacate the current schedule and to reset the case

9    management deadlines only if the Court denies dismissal of any of Plaintiffs' claims.

10          Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the

11    judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers

12    the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, Inc., 975

13    F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing

14    the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

15    the moving party's reasons for seeking modification." *Mammoth Recreations*, 975 F.2d at 609

16    (citation omitted). Here, the Parties jointly move the Court to modify the schedule, and neither

17    party will suffer any prejudice should the Court vacate the current deadlines as requested. *See*

18    *Burton v. AbbVie, Inc.,* 2024 WL 3207008, at *1 (C.D. Cal. Feb. 21, 2024) (granting joint motion

19    to vacate case deadlines pending resolution of motion to dismiss); *Dosio v. Odeluga*, 2022 WL

20    88510, at *1 (E.D. Cal. Jan. 7, 2022) (granting joint motion to vacate discovery and summary

21    judgment deadlines); *Grant v. Rios,* 2022 WL 525641, at *1 (E.D. Cal. Feb. 22, 2022) (granting

22    unopposed motion to stay discovery and vacate other deadlines).

23          Good cause exists to vacate the deadlines in the Court's Case Management and Scheduling

24    Order. The Court previously stayed all discovery pending its assessment of whether Plaintiffs have

25    stated a plausible claim. In response to Plaintiffs' request for "plausibility" discovery, the Court

26    permitted "limited" discovery to allow Plaintiffs "to cure the pleadings defects that the Court

27    pointed out in its Order granting Defendants' Motion to Dismiss" the Amended Complaint. Dkt.

28    Nos. 44 & 51. Defendants completed its production of this "plausibility" discovery on November

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT ADMINISTRATIVE MOTION TO VACATE DEADLINES IN SCHEDULING ORDER
3:24-cv-01050-TLT

1    3, 2024. Dkt. No. 65. Since then, the Parties have conducted no other discovery.

2    The Parties agree that because the Court has stayed all but "limited" discovery, and because

3    Defendants' motion to dismiss the Second Amended Complaint is still pending, it would be a waste

4    of the Parties' and the Court's time and resources to proceed with the current schedule before the

5    Court decides if the Second Amended Complaint states plausible claims. To start, the Parties have

6    not engaged in the type of discovery required for briefing a motion for class certification, including

7    the depositions by Defendants of the named Plaintiffs, the depositions by Plaintiffs of any fact

8    witnesses, and any expert discovery related to the scope of the class. Further, the Parties have not

9    exchanged written discovery requests and responses, engaged in any discovery of electronically

10   stored information ("ESI") maintained by Defendants' ESI custodians, or conducted any expert

11   discovery related to Plaintiffs' claims and alleged losses.

12   The Parties agree that it would be premature to engage in the anticipated discovery

13   described above before the Court rules on Defendants' pending motion to dismiss and determines

14   whether Plaintiffs' claims may proceed based on the limited discovery previously conducted. *See*

15   *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (staying discovery

16   deadlines would "promote efficiency and avoid undue burden to Defendants" where the discovery

17   tends to be "broad, time-consuming and expensive."). Moreover, it would be premature to engage

18   in time-consuming and costly briefing regarding class certification and, ultimately, summary

19   judgment if the Court were to dismiss the Second Amended Complaint. *See Burton,* 2024 WL

20   3207008, at *1 (staying expert discovery pending resolution of motion to dismiss); *Dosio*, 2022

21   WL 88510, at *1 (vacating discovery and summary judgment deadlines pending resolution of

22   dispositive motion); *Wendell v. Johnson & Johnson*, 2012 WL 3042302, at *1 (N.D. Cal. July 25,

23   2012) (granting joint motion to vacate all case management deadlines and stay discovery).

24   Therefore, the Parties ask the Court to vacate all deadlines set in the Court's Case

25   Management and Scheduling Order and to reset those deadlines only if the Court denies dismissal

26   of any of the claims asserted in the Second Amended Complaint. Should the Court deny

27   Defendants' motion to dismiss in whole or in part, the Parties will propose a new schedule for the

28   Court's consideration within three weeks of that ruling.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT ADMINISTRATIVE MOTION TO VACATE DEADLINES IN SCHEDULING ORDER
3:24-cv-01050-TLT

1    Dated: February 12, 2025

2    WALCHESKE & LUZI, LLC             MORGAN, LEWIS & BOCKIUS LLP

3

4    By */s/ Paul M. Secunda*             By */s/ Deborah S. Davidson*

       Paul M. Secunda (*Pro hac vice*)       Deborah S. Davidson (*pro hac vice*)

5    235 N. Executive Dr., Suite 240      110 N. Wacker Drive

       Brookfield, Wisconsin 53005         Chicago, IL 60606-1511

6    Telephone: (414) 828-2372          Telephone: +312.324.1159

       Fax: (262) 565-6469                 Facsimile: +312.324.1001

7    E-Mail: psecunda@walcheskeluzi.com    deborah.davidson@morganlewis.com

8    CREITZ & SEREBIN LLP           Sean K. McMahan (*pro hac vice*)

       Joseph A. Creitz                  1717 Main Street, Suite 3200

9    100 Pine Street, Suite 1250         Dallas, TX 75201

       San Francisco, CA 94111          Telephone: +1.214.466.4000

10   Telephone: (415) 466-3090         Facsimile: +1.214.466.4001

       Fax: (415) 513-4475                sean.mcmahan@morganlewis.com

11   Email: joe@creitzserebin.com

                                           Mark A. Feller, Bar No. 319789

12                                 One Market, Spear Street Tower

       *Counsel for Plaintiffs and Proposed Class*   San Francisco, CA 94105-1126

13                                 Tel: +1.415.442.1000

                                           Fax: +1.415.442.1001

14                                 mark.feller@morganlewis.com

15                                 Jared R. Killeen (*pro hac vice* forthcoming)

                                MORGAN, LEWIS & BOCKIUS LLP

16                                 jared.killeen@morganlewis.com

                                           2222 Market Street

17                                 Philadelphia, PA 19103

                                           Tel: 215.963.5000

18

19                                 *Attorneys for Defendants*

20

21

22                           **L.R. 5-1(h)(3) Certification**

23       Pursuant to Local Rule 5-1(h)(3), I attest that concurrence in the filing of the foregoing

24   document has been obtained from each of the other Signatories.

                                                     /s/ Mark A. Feller

25                                                      Mark A. Feller

26

27

28

JOINT ADMINISTRATIVE MOTION TO VACATE DEADLINES IN SCHEDULING ORDER
3:24-cv-01050-TLT