UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL S. RUBKE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERVICENOW, INC., et al., <br><br> Defendants. | Case No. 24-cv-01050-TLT <br><br> **QUESTIONS FOR OCTOBER 21, 2025 HEARING** <br><br> Re: Dkt. No. 103, 104 |

I. **TERMS OF THE SETTLEMENT AGREEMENT**

1. <u>To Both Parties</u>: The Amended Settlement Agreement states that Analytics Consulting, LLC will be the Settlement Administrator. ECF 112-1 ¶ 2.45.

    a. Approximately how much will Analytics Consulting LLC be paid to serve as the Settlement Administrator?

2. <u>To Both Parties</u>: The Amended Settlement Agreement states that ServiceNow will retain an independent fiduciary to review the settlement on behalf of the Plan. *Id*. ¶ 3.1.

    a. Please provide the name of the independent fiduciary and the estimated cost of the Independent Fiduciary's review of the settlement.

3. <u>To Both Parties</u>:  Please provide the estimated Net Settlement Amount (Gross Settlement Amount minus fees, costs, and awards) that will be available to participating class members.

II. **PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1. <u>To Both Parties:</u> The parties indicated that the Settlement Class's definition "contains a more formal description" than the Second Amended Complaint's class definition and

"includes children and former spouses . . . [and] [t]he class size is not impacted by the addition" of any Alternate Payee of a Person subject to a QDRO. ECF 110 at 2. "Only the identity of the recipients of the distribution." *Id.*

    a. Does the Settlement Class's effect on the identity of the recipients constitute a material difference from the Second Amended Complaint's class definition? In answering this question, provide citations to binding and persuasive caselaw.

2. <u>To Both Parties</u>: The Amended Settlement Agreement provides that any uncashed funds will return to the Plan. In reviewing the Settlement Agreement, the Court must ensure that the agreement is fair, adequate, and free from collusion. *See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products, Litig.*, 895 F.3d 597, 610 (9th Cir. 2018).

    a. How does the reversion of unclaimed funds to the Plan affect the Court's fair, adequate, and free of collusion assessment? In answering this question, provide citations to binding and persuasive caselaw.

    b. Did the parties consider selecting a *cy pres* to receive uncashed or voided checks? In answering this question, provide citations to binding and persuasive caselaw.

### III. PLAN OR NOTICE, ALLOCATION, AND ADMINISTRATION

1. <u>To Both Parties</u>: The Court must consider whether notice of the proposed settlement is adequate. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) ("[T]he class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice; the notice must indicate that a dissident can object to the settlement and to the definition of the class . . .").

    a. Please explain how sending post cards is the best practicable notice of the settlement. In answering this question, provide citations to binding and persuasive caselaw.

    b. Would sending class members an email, in addition to sending a post card, be practicable?

    c. Please explain why text, email, or social media was not considered for notice

purposes.

2. <u>To Both Parties</u>: The Amended Settlement Agreement does not contain an opt-out provision. How, if at all, does the lack of an opt out provision affect the Court's fair, adequate, and free of collusion assessment? In answering this question, provide citations to binding and persuasive caselaw.

The parties are encouraged to respond to the Court's questions in writing by October 17, 2025, end of business day. Additional questions may be provided on the day of the hearing.

IT IS SO ORDERED.

Dated: October 14, 2025

_____
TRINA L. THOMPSON
United States District Judge

3