UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL S. RUBKE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SERVICENOW, INC., et al.,<br><br>        Defendants. | Case No. 24-cv-01050-TLT<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Dkt. 103, 104 |

After negotiating and exchanging multiple offers for more than a month, Plaintiffs Paul Rubke and Sherida Du Lac De Fugeres and Defendants Board of Directors of ServiceNow, Inc. (collectively "ServiceNow"), have reached a settlement in this ERISA case.

Pending before the Court is Plaintiffs' motion for preliminary approval of class action settlement. ECF 103–104. Defendants did not file an opposition. The Court heard oral argument on October 21, 2025.

Having considered the briefings, relevant law, terms of the settlement agreement, class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court GRANTS Plaintiffs' motion for preliminary approval of class action settlement.

**I.    BACKGROUND**

    **A.    Procedural History**

On February 22, 2024, Plaintiffs Paul Rubke and Sherida Du Lac De Fugeres filed a class action complaint against ServiceNow. ECF 1 ("Compl."). ServiceNow is a software company that develops a cloud computing platform to assist companies managing digital workflows for enterprise operations. *See id.* ¶ 29; ECF 66 ("SAC") ¶ 31. Plaintiffs allege that ServiceNow breached their fiduciary duties under ERISA to monitor the ServiceNow, Inc. 401(k) Plan

1  ("Plan").  *See* Compl. ¶¶ 1–15; SAC ¶ 1.

2        On May 27, 2024, Plaintiffs filed an amended complaint.  ECF 24.  After the Court granted
3  in part and denied in part ServiceNow's motion to dismiss the amended complaint, Plaintiffs filed
4  a second amended complaint ("SAC") on November 8, 2024.  *See* ECF 41, ECF 66.  The SAC
5  asserted the following claims against ServiceNow: (1) breach of duty of prudence under breach of
6  prudence of ERISA and (2) failure to adequately monitor other fiduciaries under ERISA.  SAC ¶¶
7  168–187.  On April 23, 2025, the Court denied ServiceNow's motion to dismiss the SAC.  ECF
8  90.

9        On June 3, 2025, the parties notified the Court that the parties reached a settlement.  ECF
10  96.  On August 14, 2025, Plaintiffs filed a motion for preliminary approval of class action
11  settlement.  ECF 103–104.  Plaintiffs provided declarations in support of the motion.  ECF 105–
12  108.  On August 19, 2025, the parties provided responses to the Court's questions for case
13  management conference.  ECF 110.  On October 8, 2025, the Court granted the parties' stipulation
14  to consider an amended class action settlement agreement that only amended section 2.39.2(g) of
15  the settlement agreement to state: "the alleged breach of the duty of loyalty, care, prudence,
16  diversification, or any other fiduciary duties or prohibited transactions under ERISA relating to the
17  Plan's investment options or service providers or associated fees, expenses, or costs[.]"  ECF 113;
18  *see also* ECF 112-1 ("Amended Settlement Agreement").

19        ServiceNow did not file an opposition to Plaintiffs' motion for preliminary approval of
20  class action settlement.  On October 15, 2025, the Court provided the parties with questions for the
21  scheduled October 21, 2025 hearing on Plaintiffs' motion for preliminary approval of class action
22  settlement.  ECF 114.  On October 17, 2025, the parties filed responses the Court's questions.
23  ECF 115.

24      **B.**    **Terms of Settlement Agreement**

25      Under the terms of the Amended Settlement Agreement, ServiceNow will pay $925,000
26  into a common settlement fund ("Qualified Settlement Fund"), without admitting liability.
27  Amended Settlement Agreement ¶ 2.28.  This Gross Settlement Amount includes taxes,
28  administrative expenses, case contribution awards, independent fiduciary review, and attorneys'

fees and costs.  *Id. ¶¶* 2.3, 2.5, 2.11, 2.30, 5.3.

### i. Fees and Costs

Under the Amended Settlement Agreement, Plaintiffs' counsel will seek up to 25% of the Gross Settlement Amount, not to exceed $ 231,250.00, and reimbursement for litigation costs not to exceed $ 120,000.00.  *Id.* ¶¶ 2.5, 8.1.  Plaintiffs' counsels' attorney's fees are currently estimated to be $160,747.50; litigation costs $ 118,260.66.  ECF 104-1, Exh. 1.

Both Plaintiffs Rubke and Du Lac De Fugeres are to receive a contribution award of up to $ 5,000.  Amended Settlement Agreement ¶ 8.1.

The Settlement Administrator, Analytics Consulting, LLC, will be paid approximately $46,718.  *See id*. ¶ 2.45; ECF 115 at 2.

ServiceNow will retain independent fiduciary, Gallagher Fiduciary Advisors, LLC, to review the settlement on behalf of the Plan.  *See* Amended Settlement Agreement ¶ 3.1; ECF 115 at 2.  Gallagher Fiduciary Advisors, LLC will be paid $15,000.  ECF 115 at 2.

### ii. Class Relief

There are approximately 20,000 class members—13,688 are current participants of the Plan and 6,312 are former participants.  ECF 105 ("Secunda Decl.") ¶ 3.  Class members will receive post card settlement notices, which will contain information about the Amended Class Action Settlement, the claims asserted in this action, the definition of the class, and the scope of relief.  ECF 105-3, Exh. B ("Post Card").  The Post Card also refers class members to a website, which will contain a Long Form Settlement Notice.  *Id*.

The Long Form Settlement Notice contains information about the claims asserted in the case, the Gross Settlement Amount, information about a fairness hearing, and information about how Class Members may object to the settlement.  ECF 105-2, Exh. A.  Regarding objections, the Long Form Settlement Notice states, "You may write to the Court if you don't like the Settlement to explain why you object.  If the Court approves the Settlement, you will get a share of the Settlement to which you are entitled, regardless of whether you objected to the Settlement.").  *Id*. at 2.

After deductions from the Gross Settlement Amount for fees, costs, awards, and record

keeper cost, the Net Settlement Amount available to participating class members will consist of approximately $ 458,521.34. *See* ECF 115 at 2. Each class member's distribution will be calculated by:

> 1. determining the sum of the year-end account balances in the American Century Target Date Funds of each Current Participant and Former Participant during the Class Period, or, if a Beneficiary or Alternate Payee had a separate account in the Plan during the Class Period, by determining the sum of the year-end balances in the American Century Target Date Funds of each such Beneficiary or Alternate Payee;
> 2. dividing the sum of each Current Participant's or Former Participant's, or, to the extent applicable, each Beneficiary's or Alternate Payee's, year-end account balances in the American Century Target Date Funds during the Class Period by the total sum of year-end asset amounts in the American Century Target Date Funds in the Plan during the Class Period.

ECF 105, Exh. C ("Plan of Allocation"), Section II(C). The method of distribution varies based on whether a class member is a Current Participant or Former Participant of the Plan. Amended Settlement Agreement ¶ 7.1. Current Participants will receive their settlement distributions as contributions to their account in the Plan. *Id*. ¶¶ 7.2, 7.8.1. Former Participants will receive a check in the amount equaling his or her pro-rata share the of Net Settlement Amount. *Id*. ¶ 7.9. Checks must be deposited or cashed within 180 days of issuance. *Id*. ¶ 7.9.4.

The Amended Settlement Agreement does not have an opt-out provision.

### iii. Reversion Clause / Cy Pres Recipient

According to the Amended Settlement Agreement, any remaining amounts allocable to class members who can either not be located or who otherwise cannot receive their payment shall revert to the Qualified Settlement Fund. Amended Settlement Agreement ¶ 7.7.

Any unclaimed funds return to the plan for use in administration and for benefit of Plan participants. *Id*. ¶ 7.9.4. The Amended Settlement Agreement does not include a *cy pres* recipient.

## II. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

The Court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). Before 2018, the Ninth Circuit "instructed courts engaging in Rule 23(e)'s 'fair, reasonable, and adequate' analysis to consider the following nonexhaustive list of factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement." *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674 (9th Cir. 2025) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

Notably, "[i]n 2018, Rule 23(e) was amended to prescribe its own multi-factor test." *Id*. Now, the Court considers the following factors to determine whether a settlement is fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

*See id*. (citing Fed. R. Civ. P. 23(e)(2)(A)–(D)). "The key *Hanlon* factors are now baked into the text of Rule 23(e), and the remaining ones can still be considered for Rule 23(e)(2) analysis." *Id*. Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The Court must also ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).

### B. Class Definition and Basis for Conditional Certification

The SAC proposed a class of:

"[a]ll participants and beneficiaries of the ServiceNow, Inc. 401(k) Plan who invested in any of the American Century Target Date Funds (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) beginning February 21, 2018, and running through the date of judgment."

ECF 66 ¶ 2. Unlike the SAC's proposed class, the Settlement Class includes:

> All participants of Plan who invested in any of the American Century Target Date Funds during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants or any participant or Beneficiary who is a fiduciary to the Plan).

Amended Settlement Agreement ¶ 2.48. Although there is a difference between the SAC's proposed class and the Settlement Class, the Settlement Class "contains a more formal description that includes children and former spouses . . . [and] [t]he class size is not impacted by the addition" of any Alternate Payee of a Person subject to a Qualified Domestic Relations Order ["QDRO"]. ECF 110 at 2. "Only the identity of the recipients of the distribution." *Id.* The Court agrees that no material differences exist between the SAC's proposed class and the Settlement class. The Settlement Class's definition does not represent a material change of class members because the definition's additional reference to "children and former spouses" and Alternative Payee of a Person subject to a QDRO "helps ensure that beneficiaries and alternate payees (including under QDROs) who are entitled to benefits under the Plan will receive a share of the Settlement proceeds." ECF 115. *See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litigation,* 975 F.3d 770, 776 (9th Cir. 2020) ("California law recognizes that third-party beneficiaries may seek to enforce an agreement if they are within the class of persons intended to be benefited by that agreement.").

The Court also finds that, for the purposes of settlement, Plaintiffs have satisfied the requirements of Rule 23(a) and 23(b)(1).

Regarding Rule 23(a)'s numerosity requirement, the Settlement class includes

6

approximately 20,000 members. Secunda Decl. ¶ 3. "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members, and will find that it has not been satisfied when the class comprises 21 or fewer." *In re Facebook, Inc., PPC Adver. Litig.*, 282 F.R.D. 446, 452 (N.D. Cal. 2012).

Rule 23(a)(2) requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The issues in this case, whether the Plan's American Century TDFs were imprudently retained in the Plan and whether ServiceNow breached their fiduciary duties, are common to all class members. *See Alcantar v. Hobart Servs.*, 800 F.3d 1047, 1053 (9th Cir. 2015) ("A common contention need not be one that will be answered, on the merits, in favor of the class. It only must be of such nature that it is capable of class-wide resolution.") (cleaned up).

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Here, Plaintiffs and class members have all been subject to ServiceNow's management of the Plan. *See Costa v. Apple Inc.*, No. 23-cv-1353, 2025 WL 445365, at *12 (N.D. Cal. Feb. 10, 2025) ("The named plaintiffs are typical of the class because their claims arise out of the same conduct giving rise to the alleged classwide injury—that Apple failed to calculate their overtime pay rate properly and caused them unpaid overtime damages.").

Regarding Rule 23(a)(4)'s adequacy requirement, the Court finds Plaintiffs Paul Rubke and Sherida Du Lac De Fueres adequate representatives of the class. *See* ECF 106; 107. Plaintiffs were subject to the sample Plan and present no conflict of interest with the class. *See* ECF 106 ¶¶ 2–7; 107 ¶¶ 2–6. The Court also finds Walcheske & Luzi LLC to be adequate class counsel. Secunda Decl. ¶¶ 12–27.

Finally, the Court finds that Rule 23(b)(1)'s requirements are met. Under Rule 23(b)(1), a class action may be maintained if:
> prosecuting separate actions by or against individual class members would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other

> members not parties to the individual adjudications or would
> substantially impair or impede their ability to protect their interests

Here, individual suits by each of the 20,000 class members create a risk of inconsistent or varying adjudications against ServiceNow. *See Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 965 (9th Cir. 2016) ("Rule 23(b)(1)(A) prevents the prosecution of separate actions that would create the risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for the party opposing the class.").

Based on the foregoing, the Court GRANTS Plaintiffs' request to certify the proposed class under Rule 23 (a) and Rule 23(b)(1) for settlement purposes.

**C.     Settlement Agreement as Modified Appear Fair and Reasonable**

The Amended Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2).

Based upon the information before the Court, the Amended Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the Rule 23(e) factors, the Court finds that the factors indicate the settlement here is fair and reasonable. Proceeding to trial and potentially appeal would have been costly. Plaintiffs Rubke and Du Lac De Fueres adequately represent the settlement class. The parties exchanged multiple offers for more than a month of arms-length negotiations. Secunda Decl. ¶ 10. During oral argument, the parties conceded that the parties were able to engage in discovery pending the Court's resolution of two motions to dismiss. According to the parties, because of the discovery, the parties were able to negotiate a settlement. "[A] presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *Free Range Content, Inc.*, No. 14-cv-2329, 2019 WL 1299504, at *6 (N.D. Cal. Mar. 21, 2019) (cleaned up).

Moreover, "funds are either credited automatically to current participants' accounts or are sent to former participants automatically by check, without any need to file a claim." Amended Settlement Agreement ¶¶1.6–1.7. Any unclaimed funds return back to the plan for use in administration and for benefit of Plan participants. *Id.*, ¶ 7.9.4; *see also* 29 U.S.C. § 1104(a)(1)(A)

("[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries . . . ."); 29 U.S.C. § 1103(c)(1) ("Except as provided . . . the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.").

### III.     PLAN OR NOTICE, ALLOCATION, AND ADMINISTRATION

#### A.     Notice Plan

The Court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections*." Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314 (1950).

Here, class members will be individually mailed Post Cards that contain information about the Amended Class Action Settlement, the claims asserted in this action, the definition of the class, and the scope of relief. ECF 105-3, Exh. B. The Post Cards directs class members to a website, which contains a Long Form Settlement Notice. *Id*. Regarding objections, the Long Form Settlement Notice states "You may write to the Court if you don't like the Settlement to explain why you object. If the Court approves the Settlement, you will get a share of the Settlement to which you are entitled, regardless of whether you objected to the Settlement." Long

9

Form Settlement Notice at 2. Class members must provide objections in writing and provide specific reasons for the objection. *Id*. at 7.

Except as modified below, the Court approves the Notices of Class Action Settlement. In addition to the Post Cards, the parties shall also provide class members with a supplemental email to inform the class members of the settlement in this case. During oral argument, and in response to the Court's questions for the October 21, 2025 hearing, the parties have informed the Court that sending an email notice in addition to the Post Cards would be practicable and not cost prohibitive. The email notice shall contain the information as provided in the parties' Long Form Settlement Notice.

Moreover, to be consist with the Northern District's Procedural Guidance for Class Action Settlements, the parties shall amend the Post Cards, emails, and Long Form Settlement Notice to include:

> You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

*See Reyes v. Bakery and Confectionary Union and Industry Int. Pension Fund*, 2017 WL 7243239, at *7 (N.D. Cal. Jan. 23, 2017) (requiring incorporation of Northern District's Procedural Guidance for Class Action Settlements language into settlement agreement); *see also* Attorney Practice Resources, *Class Action Settlement Guidance*, available at https://cand.uscourts.gov/attorneys/attorney-practice-resources.

Taken together these notices are sufficient to inform class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing. The forms of plan of notice are therefore approved.

### B. Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in Plaintiff's motion and the class notice except as provided below.

### C. Settlement Administration, Objections, and Opt Out

Pursuant to the Amended Settlement Agreement, Analytics Consulting, LLC is appointed to act as the Settlement Administrator. Amended Settlement Agreement ¶ 2.45.

Consistent with the Federal Rules of Civil Procedure, the Amended Settlement Agreement does not have an opt-out provision because this the settlement class is provisionally certified under Rule 23(b)(1). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out[.]"); *Imber v. Lackey*, No. 22-cv-0004, 2025 WL 2687358, at *10 ("Rule 23(b)(1) and 23(b)(2) do not require that potential class members be notified or be afforded the opportunity to opt out of the class.").

Proof of distribution of the Class Notice shall be filed by the parties in conjunction with Plaintiffs' motion for final approval.

### D. Attorneys' Fees and Class Representative Award

Plaintiffs' counsels' attorney's fees are currently estimated to be $160,747.50, and litigation costs $ 118,260.66. ECF 104-1, Exh. 1. Plaintiffs' counsel agrees to not seek more than $ 231,250.00 in attorneys' fees and not more than $ 120,000.00 in litigation costs. Amended Settlement Agreement ¶¶ 2.5, 8.1. Plaintiffs Rubke and Du Lac De Fugeres are to receive a contribution award of up to $ 5,000, a total of $ 10,000.00. Amended Settlement Agreement ¶ 8.1.

Plaintiffs and their counsel shall file their motion for attorneys' fees, costs, and for Class Representative award no later than January 5, 2026. Each settlement class member shall have the right to object to the motion for attorneys' fees, costs, and Class Representative award by filing a written objection with the Court no later than February 3, 2026.

Plaintiffs shall file a reply brief responding to any timely objection no later than February 9, 2026.

### E. Fairness and Final Approval Hearing

All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than January 5, 2026.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, February 24, 2026, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final

approval as fair, reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary to evaluate the Amended Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for class representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than February 10, 2026. The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### F. Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

## IV. CONCLUSION

The Court finds the Amended Settlement Agreement as modified is fair, reasonable, and adequate under 23(e)(2) of the Federal Rules of Evidence.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | November 18, 2025 |
| Class Notice to be sent by | December 15, 2025 |
| Motion for Final Approval to be filed by | January 5, 2026 |
| Class Counsel to file their motion for fees and costs and Class Representative award | January 5, 2026 |
| Class Members' deadline to submit written objection to attorneys' fees, costs, or class representative award | February 3, 2026 |
| Class Counsel to file reply to Class Member written objection to attorneys' fees, costs, or class representative award | February 9, 2026 |

| Fairness and Final Approval Hearing | February 24, 2026 |
|---|---|
|  | NOTE: Subject to change without further notice to the Class |

IT IS SO ORDERED.

Dated: October 28, 2025

_____
TRINA L. THOMPSON
United States District Judge